Fernando del Toro Saldaña, Plaintiff and Appellee, v. Juncos Central Co., etc., Defendant and Appellant.

No. 5729. Argued May 18, 1932.—Decided June 8, 1932.

*Henry G. Molina, Walter L. Newsom, Jr.,* and *G. Benítez Gautier* for appellant. *Francis H. Dexter* and *R. Díaz Cintrón* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

On an appeal from an order of the district court granting costs the defendant alleges that such costs are excessive. This was a case wherein the plaintiff-appellee brought a suit to recover possession, known as an interdict. The issue was strongly contested and the district court rendered judgment in favor of the defendant but this Court reversed the judgment with costs. 40 P.R.R. 135. The decision of this Court was affirmed by the Circuit Court of Appeals. 41 F. (2d) 32.

Therefore, the fact stands out that the plaintiff was entitled to a judgment in the lower court and yet the defendant prevailed against him there. This Court, upon reversing, as is not usual, imposed costs on the party successful below.

We agree with the appellant that attorney's fees need not equal the total services of the attorney but the court below has a right under the circumstances of each case to grant all or a part of the fees actually earned, as we have held in *Castro* v. *Soc. Anon. des Sucreries de St. Jean,* 34 P.R.R. 546. The whole matter lies within the discretion of the district court and we have not been convinced that the amount of $600 is excessive.

There was also a charge for disbursements consisting of the cost of three automobiles, at $15 apiece, to transport two attorneys and two expert witnesses. So far as the attorneys are concerned, we question whether the charge for transportation should be at the cost of the other side. Lawyers are supposed to be before the court at which they are practicing. See, for parity of reasoning, *Más et al.* v. *Borinquen Sugar Co.,* 18 P.R.R. 299. In any event we agree that the charge was excessive and should not exceed the sum of $15, which amount we shall not approve for another reason that we shall presently discuss.

A claim was also made for the costs of two expert witnesses in the sum of $100 apiece. These two witnesses were surveyors who only made a single appearance in court. We find the charge excessive and it will be reduced to the amount of $50 for each witness. We might be inclined to reduce it more but for the fact that these witnesses would also be entitled to transportation expenses. Therefore, we shall make no special allowance for transportation but permit the $50 allowed for each of the experts to cover his professional services and his transportation.

The order appealed from should be modified reducing the disbursements to $100, and, as modified, affirmed.